UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIN R. McDUGLE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:16-cv-00366-MPB-TWP ) |
| NANCY A. BERRYHILL,[1] Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) ) ) ) |

## ORDER

This matter was consented to the Magistrate Judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 to conduct all proceedings. Plaintiff Erin R. McDugle seeks judicial review of the Social Security Administration's final decision deeming her ineligible for Disability Insurance Benefits and Supplemental Security Income. The matter is fully briefed. (Docket No. 23, Docket No. 28, Docket No. 29). For the reasons that follow, this Court **AFFIRMS** the decision of the Commissioner of the Social Security Administration finding that Plaintiff Erin McDugle is not disabled.

## Introduction

On December 10, 2012, Erin R. McDugle filed an application for disability and Disability Insurance Benefits under Title II of the Social Security Act and for Social Security Supplemental

---

[1] At the time this case was filed, Carolyn W. Colvin was the Acting Commissioner of the Social Security Administration. Nancy A. Berryhill became the Acting Commissioner on January 20, 2017. When a public officer ceases to hold office while an action is pending, the officer's successor is automatically substituted as a party. Fed. R. Civ. P. 25(d). Later proceedings should be in the substituted party's name and the court may order substitution at any time. *Id.*

Security Income disability benefits under Title XVI of the Social Security Act. She is alleging disability beginning June 1, 2011. Her application was denied initially and on reconsideration. A hearing was requested and held on February 6, 2014, before Administrative Law Judge (ALJ) Julia D. Gibbs. On July 22, 2014, the ALJ denied Ms. McDugle's application. On December 14, 2015, the Appeals Council affirmed the ALJ's denial decision, thereby making the ALJ's decision the final decision of the Social Security Commissioner. 20 C.F.R. § 404.981; *Schmidt v. Astrue*, 496 F.3d 833, 841 (7th Cir. 2007). On February 15, 2016, Ms. McDugle filed this civil action under 42 U.S.C. § 405(g) for review of the Commissioner's decision.

## Standard for Proving Disability

To prove disability, a claimant must show she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Plaintiff is disabled if her impairments are of such severity that she is not able to perform the work she previously engaged in and, if based on her age, education, and work experience, she cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy. 42 U.S.C. § 1382c(a)(3)(B). The Social Security Administration ("SSA") has implemented these statutory standards by prescribing a five-step sequential evaluation process. 20 C.F.R. § 404.1520.

Step one asks if the claimant is currently engaged in substantial gainful activity; if she is, then she is not disabled. Step two asks whether the claimant's impairments, singly or in combination, are severe. If they are not, then she is not disabled. A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The third step is an analysis of whether the claimant's impairments, either

singly or in combination, meet or medically equal the criteria of any of the conditions in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"). The Listings include medical conditions defined by criteria that the SSA has pre-determined are disabling, so that if a claimant meets all of the criteria for a listed impairment or presents medical findings equal in severity to the criteria for the most similar listed impairment, then the claimant is presumptively disabled. *Sims v. Barnhart,* 309 F.3d 424, 428 (7th Cir. 2002).

If the claimant's impairments do not satisfy a listing, then her residual functional capacity (RFC) is determined for purposes of steps four and five. RFC is a claimant's ability to do work on a regular and continuing basis despite her impairment-related physical and mental limitations. 20 C.F.R. § 404.1545. At the fourth step, if the claimant has the RFC to perform her past relevant work, then she is not disabled. The fifth step asks whether there is work in the relevant economy that the claimant can perform, based on her vocational profile (age, work experience, and education) and her RFC. If so, then she is not disabled.

The individual claiming disability bears the burden of proof at steps one through four. *Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If the claimant meets that burden, then the Commissioner has the burden at step five to show that work exists in significant numbers in the national economy that the claimant can perform, given her age, education, work experience, and functional capacity. 20 C.F.R. § 404.1560(c)(2); *Young v. Barnhart,* 362 F.3d 995, 1000 (7th Cir. 2004).

## Standard for Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. This Court must affirm the ALJ's decision unless it lacks the support of substantial evidence or rests upon a legal error. *See, e.g.*, *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009); 42 U.S.C. §

405(g). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). The ALJ—not the Court—holds discretion to weigh evidence, resolve material conflicts, make independent factual findings, and decide questions of credibility. *Richardson v. Perales*, 402 U.S. 389, 399-400 (1971). Accordingly, the Court may not re-evaluate facts, reweigh evidence, or substitute its judgment for the ALJ's. *See Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999).

The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of a disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines the conclusions he made. The ALJ must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis

### I. The ALJ's Sequential Findings

The ALJ found that Ms. McDugle had met the insured status requirement of the Social Security Act and that she had not engaged in substantial gainful activity since June 1, 2011, the alleged onset date. (Docket No. 14-2 at ECF p. 14). At step two, the ALJ determined that Ms. McDugle had severe impairments of degenerative disc disease, chronic pancreatitis, alcohol abuse; anxiety, and depression. (Docket No. 14-2 at ECF p. 14); *See* 20 C.F.R. §§ 404.1571 *et seq.*, and 416.971 *et seq.*

At step three, the ALJ found that Ms. McDugle's combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R § 404, subpart P, Appendix 1. (Docket No. 14-2 at ECF pp. 15-16). Prior to Step four, the ALJ determined that

Ms. McDugle had the RFC to perform unskilled work at a light level of exertion, so long as it is indoor work with access to a bathroom and allows an individual to be off-task thirty percent of a work day. *Id.*

The ALJ concluded that while Plaintiff was abusing alcohol, she is unable to perform past relevant work, at Step four. (Docket No. 14-2 at ECF p. 21). Ms. McDugle had previously worked as a psychiatric aide; social service aide; and cashier. *Id.* At Step five, the ALJ found that there are no jobs that exist in significant numbers in the national economy that the claimant can perform when she is abusing alcohol. (Docket No. 14-2 at ECF p. 21).

Pursuant to 20 CFR § 404.1535 and 416.935, the ALJ continued to find that if the claimant stopped substance use, Ms. McDugle would still have severe impairments or combination of impairments, but that they would not medically equal any Listing. The adjusted RFC would permit the Plaintiff to perform work at a light level of exertion, so long that it is indoor work with access to a bathroom. (Docket No. 14-2 at ECF p. 23). Thereafter, the ALJ continued that if Plaintiff ceased substance use she would be able to perform past relevant work as a social aide and that she could also work as an assembler, inspector, or packer. *Id.*

II. **Substantial evidence supports the ALJ's determination that claimant was not disabled.**

Ms. McDugle asserts that the ALJ's denial decision is erroneous because the ALJ did not clearly distinguish between the claimant's mental illnesses and her substance use as the cause of her disability. (Docket No. 23 at ECF p. 12). The Commissioner responds that Ms. McDugle cites no evidence that the ALJ ignored or improperly weighed in her case and that she fails to meet her burden of proving that substance use is not a contributing factor. (Docket No. 28 at ECF p. 9).

5

Congress eliminated alcoholism or drug addiction as a basis for obtaining social security benefits. *Harlin v. Astrue*, 424 F. App'x 564, 567 (7th Cir. 2011); *see also* 42 U.S.C. § 1382(a)(3)(J) ("[A]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled."). The regulations require a two-step analysis when disability may be linked to alcoholism or drug abuse. First, the ALJ determines whether the claimant is disabled "without segregating out any effects that might be due to the substance abuse." *Mayes v. Astrue*, 2008 WL 126691 at *6 (S.D. Ind. Jan. 10, 2008) (citations omitted); *see also* 20 C.F.R. § 404.1535. Then, the ALJ evaluates "which of the [claimant's] limitations . . . would remain" if the claimant stopped her substance abuse and determines if those remaining limitations would be disabling. *Mayes*, 2008 WL 126691 at *6; *see also* 20 C.F.R. § 404.1535(b)(2). If the remaining limitations would not be disabling, then the claimant's drug abuse or alcoholism is a contributing factor material to the determination of disability, and the claimant is not disabled. 20 C.F.R. § 404.1535(b)(2)(i); *see also Kangail v. Barnhart*, 454 F.3d 627, 628 (7th Cir. 2006) ("When an applicant for disability benefits both has a potentially disabling illness and is a substance abuser, the issue for the administrative law judge is whether, were the applicant not a substance abuser, she would still be disabled.") (citations omitted). The claimant bears the burden of proving that alcoholism or drug addiction is not a contributing factor. *Harlin*, 424 F. App'x at 567.

Here, substantial evidence supports the ALJ's determination that, absent her substance use, Ms. McDugle would be able to perform her past relevant work or other work in the national economy. The ALJ's decision demonstrates that she was able to separate the restrictions and limitations imposed by substance use and Plaintiff's other mental conditions. First, the ALJ

found that when Plaintiff used substances she was unable to perform unskilled light work on a sustained basis because she would be off-task 30 percent of the workday. (Docket No. 14-2 at ECF p. 17). The ALJ also considered Plaintiff's treating source who said she amplified her alleged symptoms after her relapse with alcohol. (Docket No. 14-2 at ECF p. 17, citing Docket No. 14-24 at ECF p. 4). The ALJ noted Plaintiff's pancreatitis was tied to her alcohol abuse. (Docket No. 14-2 at ECF p. 17-18, citing *e.g.*, Docket No. 14-11 at ECF p. 18; Docket No. 14-24 at ECF p. 4). Plaintiff's diagnoses included alcohol dependence. (Docket No. 14-2 at ECF pp. 17-18, citing Docket No. 14-11 at ECF p. 3; Docket No. 14-24 at ECF p. 4). The ALJ concluded that considering the combined effects of all of Plaintiff's impairments, including substance abuse, Plaintiff would be off-task for 30 percent of a work day, and thus she would be disabled. (Docket No. 14-2 at ECF p. 17, 22).

Next, the ALJ determined that when Plaintiff was not using alcohol, her symptoms improved to the point she was not disabled. (Docket No. 14-2 at ECF pp. 22-27). The ALJ found that without substance abuse, Plaintiff would have mild limitations in activities of daily living, mild difficulties in social functioning, mild limitations in concentration, persistence, or pace, and no episodes of decompensation. (Docket No. 14-2 at ECF pp. 22-23). Thus, she found that Plaintiff would not have a severe mental impairment absent her substance abuse. (Docket No. 14-2 at ECF pp. 22-23). The ALJ again found Plaintiff's impairments did not meet or equal a listing. (Docket No. 14-2 at ECF p. 23). The ALJ then found that if Plaintiff stopped her substance use, she would have the residual functional capacity to perform work at the light exertional level that was indoor with access to a bathroom. (Docket No. 14-2 at ECF p. 23).

Thus, the ALJ followed the two-step evaluation required for cases where individuals have substance abuse issues required by the regulations. *See* 20 CFR § 404.1535 and 416.935.

Substantial evidence supported the ALJ's decision and Plaintiff has not pointed to evidence that supports an alternate conclusion. In making these findings, the ALJ considered that at the January 2013 consultative examination, Plaintiff did not have difficulty attending and concentrating. (Docket No. 14-2 at ECF p. 22, citing Docket No. 14-12 at ECF p. 61). As the ALJ noted, Plaintiff was sober during that time period and denied any problems with drugs or alcohol; she indicated that her relapse occurred later, in July 2013. (Docket No. 14-2 at ECF pp. 18, 22, citing Docket No. 14-12 at ECF p. 59). After her July 2013 relapse, her treating source felt she was amplifying her mental health symptoms. (Docket No. 14-2 at ECF p. 18, citing Docket No. 14-20 at ECF p. 27). The ALJ considered that in September 2013, Plaintiff reported that her mood was improved and that she had stopped drinking alcohol. (Docket No. 14-2 at ECF p. 19, citing Docket No. 14-21 at ECF p. 64). Notably, the ALJ considered that prior to her July 2013 relapse, Plaintiff worked and earned above the substantial gainful activity level from approximately April 2012 until August 2012—despite alleging disability since June 1, 2011. (Docket No. 14-2 at ECF p. 14).

This case is not akin to *Harlin*, where a treating source opined that the claimant's mental impairment was the primary cause for disability and the court found that the ALJ did not adequately explain his reasons for rejecting the opinion. 424 F. App'x at 567. Here, Plaintiff points to no evidence that the ALJ ignored or improperly weighed her case. Moreover, Plaintiff wrongly asserts that under *Harlin* the tie goes to the Plaintiff—thus, ignoring the fact that she had the burden of proving that alcoholism or drug addiction is not a contributing factor. As this Court has previously held, *Harlin* did not establish that "a tie goes to the claimant." *Scott v. Colvin*, 1:15-cv-00929-SEB-DML, 2016 WL 4772294, at *5 (S.D. Ind. Aug. 24, 2016). Plaintiff cites language from an Eighth Circuit case that the Seventh Circuit chose not to adopt. *See id.*

8

Plaintiff had the burden to show that substance abuse was not a material factor and she failed to meet that burden.

In sum, the ALJ reasonably evaluated Plaintiff's residual functional capacity both with, and without, the effects of her substance use disorder. Plaintiff points to no opinion or other evidence that the ALJ ignored or improperly analyzed.[2] For all these reasons, the Court **DENIES** Plaintiff's Motion. (Docket No. 23). The Court **AFFIRMS** the Commissioner's decision. Final judgment shall enter in favor of Commissioner.

**SO ORDERED** the 27th day of February, 2017.

_Matthew P. Brookman_
Matthew P. Brookman
United States Magistrate Judge
Southern District of Indiana

Served electronically on all ECF-registered counsel of record.

---

[2] In Plaintiff's reply brief she raises the argument, for the first time, that the ALJ erred in limiting claimant's mental impairments to anxiety and depression, ignoring that the claimant was diagnosed with having Major depressive disorder, severe, recurrent with psychotic features (hallucinations and paranoia). (Docket No. 29 at ECF p. 3). Arguments not raised in initial briefs are waived. _Wright v. United States_, 139 F.3d 551, 553 (7th Cir. 1998). Even if not waived, the ALJ did address the records Plaintiff asserts went overlooked. The ALJ noted that the December 2012 Axis 1 diagnosis of major depression was conflicted by a January 2013 state agency consultative examination report, during a period where it appears Plaintiff was not using substances, which provided Axis 1 diagnoses of depression and anxiety; thus, not indicative of severe symptoms or problems with functioning. (Docket No. 14-2 at ECF p. 18). The ALJ sufficiently addressed these records and provided a reasonable explanation in coming to listing Plaintiff's severe mental impairments as anxiety and depression—to hold otherwise would require an improper reweighing of the evidence by this Court. _Powers v. Apfel_, 207 F.3d 431, 434-35 (7th Cir. 2000).